CONCURRENCE SUTTON, Circuit Judge, concurring. By nearly every measure, this case deserves en banc review. Distinct perspectives on the lifetime vesting of healthcare benefits in time-limited collective bargaining agreements led us to release three opinions on the same day that face in different directions. See Cole v. Meritor, Inc., 855 F.3d 695 (6th Cir. 2017); Reese v. CNH Indus. N.V., 854 F.3d 877 (6th Cir. 2017); UAW v. Kelsey Hayes, 854 F.3d 862 (6th Cir. 2017). As I see it, some of those decisions are inconsistent with M&G Polymers USA, LLC v. Tackett, — U.S. -, 135 S.Ct. 926, 190 L.Ed.2d 809 (2015), and some of them contrast with the approach our sister circuits have taken on the same issue, see Noe v. PolyOne Corp. 520 F.3d 548 (6th Cir. 2008) (Sutton, J., dissenting) (collecting cases). An intra-circuit split accompanied by an inter-circuit divide followed by lack of conformity to a Supreme Court decision normally warrants en banc review. But in this instance there is good reason to fear that a majority of the en banc court would fail to agree on a majority view. One of the three cases mentioned above, Reese, illustrates the problem. In that case, three judges reached three different conclusions on the same issue. One view was that the collective bargaining agreement was ambiguous and extrinsic evidence resolved that ambiguity as a matter of law in favor of unalterable lifetime benefits for the retirees. Reese, 854 F.3d at 887 (Donald, J., concurring). A second view was that a lifetime promise existed but was subject to reasonable alteration by the employer. Id. at 878-87 (Gibbons, J.). A third view was that the promise was limited by the six-year term of the collective bargaining agreement. Id. at 887-93 (Sutton, J., dissenting). With 16 judges on the en banc court, there is a real possibility that we would not have nine votes for any one of these three approaches. That may explain why the deadlines for requesting en banc review in the other two cases released on April 20 all passed without a request for a poll. Something ventured in this instance likely would lead to nothing gained.